# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD LENNIN CHAVEZ LEZAMA,

        Petitioner,

    v.

KRISTI NOEM, *et al.*,

        Respondents.

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

NO. 3:26-CV-114

## ORDER

Immigration officials initially detained Petitioner Edward Lennin Chavez Lezama in December 2025. After his detention, an IJ held a bond hearing for Petitioner, and released him, setting bond at $3,000. ECF 11 at 3. DHS appealed that order to the BIA under 8 C.F.R. § 1003.19(i)(2), which triggered an automatic stay of the bond order.[1] Petitioner has now filed a petition for a writ of habeas corpus challenging the stay of his bond order. ECF 1.

On review, the Court grants the writ, because the automatic stay, as applied to Petitioner, violates his procedural due process rights. This issue has been well litigated, so the Court will not repeat the arguments and findings by other courts. In short, the Court finds the balancing of the *Mathews* test in *Sampiano v. Hyde* to be persuasive, and bases its decision on the analysis in that case. *See, e.g.*, 799 F. Supp. 3d 14, 29–34 (D. Mass. 2025).

---

[1] DHS appealed the bond order because, in its view, 8 U.S.C. § 1225 governs Petitioner's detention, which doesn't permit a bond hearing because detention is mandatory. *See* ECF 11-3 at 4. But bond is permissible under 8 U.S.C. § 1226(a), and the Court finds that Petitioner is being detained under Section 1226(a). *See, e.g.*, *Villagrez v. Bondi*, No. 3:26-CV-72, 2026 WL 545380 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.). Because the Court finds that Section 1225 cannot serve as the basis for Petitioner's detention, it is not a proper reason to invoke an automatic stay of the IJ's bond order.

- 2 -

That said, while the automatic stay is problematic, a discretionary one likely isn't.  The BIA can, in its discretion and based on an individualized determination, stay an immigration judge's release order.  8 C.F.R. § 1003.19(i)(1).  *See Sampiano*, 799 F. Supp. 3d 14 at 31–34 (noting the flawed government interest and risk of error associated with an *automatic* stay (not a discretionary stay) of a bond order as applied to detainees like Petitioner).  The Court will therefore give the BIA an opportunity to determine if, in its discretion, a stay might be appropriate based on the specific facts of Petitioner's situation.

For these reasons, the Court **CONDITIONALLY GRANTS** the writ, **VACATES** the BIA's automatic stay order, and **ORDERS** that Petitioner be released on March 31, 2026, on the terms previously set by the IJ, unless the BIA issues a discretionary stay order prior to that date.

DATED this 18th day of March, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

- 2 -